IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**ISHANTA SHOALS**,

Plaintiff,

v.

**CITY OF MORRIS,
OKLAHOMA,**

Defendant.

Case No. 22-CV-266-GLJ

## COMPLAINT

**COMES NOW THE PLAINTIFF**, and for her cause of action herein alleges and states as follows:

1. Plaintiff is Ishanta Shoals, an adult resident of Muskogee County, Oklahoma.

2. Defendant is City of Morris, Oklahoma, a city government operating in Okmulgee County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's causes of action are for employment discrimination on the basis of race and/or gender, as well as retaliation for complaints thereof, in violation of Title VII of the Civil Rights Act ("Title VII") and Oklahoma's Anti-Discrimination Act ("OADA"). Additionally, Plaintiff suffered retaliation for an on-the-job injury in violation of Oklahoma's Administrative Worker's Compensation Act ("AWCA").

4. Plaintiff worked for Defendant in Okmulgee County and Defendant can

be served in Okmulgee County. Okmulgee County is in the Eastern District of Oklahoma. Therefore, venue is proper in this Court.

## STATEMENT OF FACTS

5.   Defendant is a political subdivision of the State of Oklahoma and is a covered employer under Title VII, the OADA, and the AWCA.

6.   Plaintiff is an African American woman, and was the only female and only black employee in her department.

7.   Plaintiff was employed by Defendant from approximately June 10, 2017, until her termination on September 23, 2020. At the time of her termination, Plaintiff was assistant chief of police.

8.   During her employment, Plaintiff experienced discriminatory treatment compared to her Caucasian comparators, including but not limited to:

   a.   Being restricted on when she could drive her unit home while other employees could do so at will;

   b.   Being assigned malfunctioning equipment despite requesting a replacement, when Caucasian employees were provided with brand new equipment;

   c.   Being disallowed to make up missed work hours while others were allowed to;

   d.   Being restricted from information needed to do her job as a supervisor, such as seeing the schedules of her staff; and

2

e.     Being stripped of job duties.

9.     During her employment, Plaintiff made repeated complaints about the differential treatment she experienced to her supervisor, Tim Bell (Chief of Police). Such complaints included that the treatment was based upon her race and/or her gender.

10.    Such complaints from Plaintiff were made in, at least, June, July, August, and September in the year of Plaintiff's termination.

11.    Despite Plaintiff's complaints, no remedial actions were ever taken. In fact, Mr. Bell advised Plaintiff to stop complaining about racism and discrimination.

12.    Plaintiff's final complaint was made within days of her termination, around September 21, 2020, to Mayor Jeremy Avery. Such complaint outlined that she continued to experience harassment and discrimination, and further that she had begun experiencing medical symptoms as a result of such treatment.

13.    Additionally, Plaintiff suffered an on-the-job injury while working for Defendant, and she notified Defendant of such injury.

14.    Plaintiff sought medical care and treatment for her injury prior to her termination.

15.    Plaintiff's treatment by Defendant after it became aware of her injury and medical treatment became substantially worse than it already had

been.

16.   On or around September 23, 2020, Plaintiff was fired by Mr. Bell.

17.   The alleged reasons for Plaintiff's firing were that she was insubordinate, and that she had tampered with a camera.

18.   The alleged reasons for Plaintiff's termination are false, pretextual, and retaliatory. Plaintiff advised Mr. Bell she would be covering up the camera to write her complaint about him, before she did so. Mr. Bell did not object or advise this would lead to discipline. Additionally, the alleged insubordination was Plaintiff's complaints of discrimination.

19.   Additionally, Defendant failed to follow its step discipline policy before terminating Plaintiff's employment, and Mr. Bell did not have proper authority to terminate Plaintiff under Defendant's policies.

20.   Plaintiff's termination was motivated, in whole or in part, by her race, her gender, her complaints of discrimination and harassment, and/or in retaliation for her on-the-job injury and asserting her related rights.

21.   As a direct result of the Defendant's conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay) and emotional distress/dignitary harm damages.

22.   Under Title VII, the OADA, and the AWCA, Plaintiff is entitled to the value of her lost wages and benefits resulting from her unlawful termination.

23.   Under Title VII and the AWCA, Plaintiff is additionally entitled to damages for the emotional distress / dignitary harms suffered as a result of Defendant's conduct.

24.   Under the OADA, Plaintiff is also entitled to liquidated damages in an amount equal to her lost wages.

25.   Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination. The EEOC has investigated such charge of discrimination since prior to Plaintiff's termination of employment. Plaintiff requested her right to sue letter from the EEOC on April 26, 2022, after the 180 days to investigate had long expired. The EEOC issued such dismissal on or around April 28, 2022, however Plaintiff (through her representative) did not receive such notice until August 10, 2022. This complaint is timely filed within ninety days of Plaintiff's receipt of such notice.

26.   Plaintiff timely exhausted her claims under the Governmental Tort Claims Act ("GTCA") by notifying Defendant of the basis for her claims via a tort claims notice delivered on September 23, 2021. Defendant did not respond to such notice and its statutory investigatory period expired on December 22, 2021.

27.   Plaintiff timely filed a petition in the District Court of Okmulgee County on June 16, 2022, dismissed without prejudice thereafter and refiled as

this Complaint.

28.   The filing of this Complaint is within one year (1) of the dismissal of such petition, and is timely asserted under 12 O.S. § 100.

## PRAYER

The actual damages under Plaintiff's claims exceeds Ten Thousand Dollars ($10,000.00).

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory and punitive damages together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 22nd DAY OF SEPTEMBER 2022.**

*s/ Leah M. Roper*

Leah M. Roper, OBA # 32107
THE CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: 405.252.1180
leah@centerforemploymentlaw.com
ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**

6